# In the United States Bankruptcy Court
# for the Southern District of Georgia

In the matter of: ) Chapter 13
Albert Coakley Jr ) Case Number: 14-10808
)
Debtor(s) )

**Modified**
## CHAPTER 13 PLAN AND MOTION

[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $___700.00___ for the applicable commitment period of:

   ☐ 60 months: **or**      (If applicable include the following): These plan payments
   ☒ a minimum of 36 months. §1325(b)(4).    change to $_____ monthly on _____, 20___.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of **$3000.00** to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. §1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   <u>CREDITOR</u>    <u>MONTH OF FIRST TRUSTEE PAYMENT</u>    <u>INITIAL MONTHLY PAYMENT</u>

   **IN THE ALTERNATIVE:**
   ☒ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | <u>CREDITOR</u> | <u>INITIAL MONTHLY PAYMENT</u> |
   |---|---|
   | **Green Tree (beginning 6/1/14)** | **$511.00** |
   | **Bank of America (beginning 6/14)** | **$480.00** |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   <u>CREDITOR</u>    <u>COLLATERAL</u>    <u>ESTIMATED CLAIM</u>    <u>INTEREST RATE</u>    <u>MONTHLY PAYMENT</u>

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

   | <u>CREDITOR</u> | <u>COLLATERAL</u> | <u>VALUATION</u> | <u>INTEREST RATE</u> | <u>MONTHLY PAYMENT</u> |
   |---|---|---|---|---|
   | **OneMain Financial** | **Dodge** | **$11,000.00** | **6%** | **No less than $260.00** |

*Revised 4/2007*

    (g)  Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|
| **Green Tree** | **$10.00** |
| **Bank of America** | **$10.00** |

    (h)  The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ___%; ☐ without interest.

    (i)  Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶ 2(f) or 6, will be paid a ___**5%**___ dividend or a prorate share of **$7500.00**___, whichever is greater.

3.  Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:  ☐ Direct to the Creditor; or  ☒ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **OneMain Financial** | **$75.00** |

4.  Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. 101(14A). Debtor requests Trustee to provide the statutory notice of §1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|

5.  Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|

6.  The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

7.  Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8.  Other provisions: **With the exception of creditor(s) listed in paragraph 2(d), it's successors and/or assigns, upon granting of a discharge in this case, all secured creditors that were paid through the plan shall promptly release al collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filing, judgment liens, titles and/or any other lien claim of any kind against property of the debtor(s). This paragraph shall in no way apply to mortgages and/or other secured debts that are not paid through the Chapter 13 plan.**

9.  The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modifications is approved.

Dated _May 9, 2014_    X _Albert Coolley_
                                                             Debtor

                                                              Debtor

*Revised 4/2007*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE:                              )
                                    )
Albert Coakley Jr                   )     Chapter 13
                                    )     Case No.: 14-10808
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the following parties a copy of the foregoing Modified Chapter 13 Plan via electronic filing:

Chapter 13 Trustee


Dated: ____5|9_____, 2014

                                          _____
                                          Amy L Tomlinson

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, GA  30901
706-724-8548
courtinfo@leidenandleiden.com